(R.D. 11513)

JUDSON SHELDON INT'L CORP. ET AL. *v.* UNITED STATES

Entry No. 844807, etc.

(Decided April 18, 1968)

*Lawrence & Tuttle* for the plaintiffs.

*Edwin L. Weisl, Jr.,* Assistant Attorney General, for the defendant.

RAO, Chief Judge: The appeals for reappraisement listed in schedule "A," annexed to this decision and made a part hereof, have been submitted for decision upon the following stipulation:

IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto, subject to the approval of the court, as follows:

1. That the appeals for reappraisement set forth in Schedule "A" hereto attached and made a part hereof are limited to the spark plugs invoiced at either 20 cents each, 25 cents each or 75 cents each exported from the United Kingdom and entered for consumption after the effective date (February 27, 1958) of section 6(a) of the Customs Simplification Act of 1956 (T.D. 54165).

2. That the merchandise involved herein is not identified on the Final List (T.D. 54521) published by the Secretary of the Treasury pursuant to the Customs Simplification Act of 1956.

3. That at the time of exportation to the United States of the merchandise involved herein, the price at which said merchandise was freely sold or offered for sale in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other expenses incidental to placing the merchandise in condition, packed ready for shipment to the United States, was the invoice unit price of 20 cents each, 25 cents each or 75 cents each, respectively, plus the pro rata share of any separately invoiced cost of packing as invoiced.

4. That the appeals for reappraisement set forth in Schedule "A," are submitted on this stipulation.

Upon the agreed facts, I find export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, to be the proper basis for the determination of the value of the merchandise covered by said appeals for reappraisement and that such value is the invoice unit price of 20 cents each, 25 cents each, or 75 cents each, respectively, plus the pro rata share of any separately invoiced cost of packing as invoiced.

Judgment will be entered accordingly.